

**FILED**

DISTRICT COURT OF GUAM

AUG 1 1 2005

**MARY L.M. MORAN**
**CLERK OF COURT**

**CASE NO. CR-04-00048-002          DATE: 08/10/2005**

································································································································

HON. CONSUELO B. MARSHALL, Designated Judge
Court Reporter: Wanda Miles
Hearing Electronically Recorded: 3:53:52 - 5:08:22
Hearing Electronically Recorded: 5:31:30 - 6:00:49

Law Clerk: NONE PRESENT
Courtroom Deputy: Virginia T. Kilgore
CSO: J. McDonald

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* **A P P E A R A N C E S** \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFT: <u>MARYJANE GONZAL QUINDO</u>          ATTY : <u>JOHN GORMAN</u>**
( ) PRESENT  ( ) CUSTODY  ( X ) BOND  ( ) P.R.          ( X ) PRESENT  ( ) RETAINED  ( X ) FPD  ( ) CJA APPOINTED

U.S. ATTORNEY:  MARIVIC DAVID

AGENT: JOHN DUENAS, BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT

U.S. PROBATION: CARLEEN BORJA

U.S. MARSHAL: W. GRAY

INTERPRETER:_____          ( ) SWORN          LANGUAGE:_____
                                                                            ( ) PREVIOUSLY SWORN
·······························································································································································

( X ) ARGUMENT FOR A DOWNWARD DEPARTURE BY THE ___GOVERNMENT _X_ DEFENSE _X_ GRANTED
        COURT DEPARTS TO A LEVEL __19__ FROM A LEVEL __29__

( ) ARGUMENT FOR AN UPWARD DEPARTURE BY THE ___GOVERNMENT ___DEFENSE

( X ) COURT STATES THE APPROPRIATE BASE OFFENSE LEVELS _____
        Base offense level:  32          Total offense level:  29          Criminal History Category: I

        **NO OBJECTIONS BY THE GOVERNMENT AND DEFENSE**

( X ) ATTORNEY FOR DEFENDANT ADDRESSES THE COURT:
<u>Defense counsel requested the Court to sentence the Defendant to a term of 12 months and 1 day.</u>

( X ) DEFENDANT ADDRESSES THE COURT AND APOLOGIZES

( X ) GOVERNMENT ADDRESSES THE COURT AND MAKES ITS RECOMMENDATION:
<u>Government counsel stated that she did not believe that a sentence of 12 months and 1 day is appropriate because</u>
<u>of the amount of drugs involved in this case.  She recommended a sentence within a two or three year range.</u>

( ) LETTER(S) OF RECOMMENDATION RECEIVED BY THE COURT

NOTES/OTHER MATTERS:

<u>Parties had no objections to the presentence report. Defendant's husband, Reginald Sinkfield, addressed</u>
<u>the Court, Defendant waived formal arraignment for sentencing. The Court GRANTED the Government's</u>
<u>5K1.1 motion. Defense counsel requested the Court for Defendant to self-surrender on October 14, 2005</u>
<u>at 12 noon. No objection. GRANTED.</u>

SENTENCE: CR-04-00048-002                    DEFENDANT: MARYJANE GONZAL QUINDO

( X )   DEFENDANT COMMITTED TO THE BUREAU OF PRISONS FOR A TERM OF <u>THIRTY MONTHS</u>. COUNTS I AND III TO BE SERVED CONCURRENTLY WITH CREDIT FOR TIME SERVED (APPROXIMATELY 1 DAY).

( X )   DEFENDANT SHALL SELF-SURRENDER TO THE U.S. MARSHAL OFFICE ON <u>OCTOBER 14, 2005 AT 12 NOON.</u>

( X )   COURT RECOMMENDATION TO THE BUREAU OF PRISONS AT <u>DUBLIN, CALIFORNIA</u>.

( X )   UPON RELEASE FROM IMPRISONMENT, DEFENDANT IS PLACED ON SUPERVISED RELEASE FOR A TERM OF <u>FIVE YEARS</u>.

THE TERM OF SUPERVISED RELEASE WILL INCLUDE THE FOLLOWING CONDITIONS:

1.   DEFENDANT SHALL BE TURNED OVER TO A DULY AUTHORIZED IMMIGRATION OFFICIAL FOR DEPORTATION PROCEEDINGS PURSUANT TO 18 U.S.C. § 3583(d), AND WITH THE ESTABLISHED PROCEDURES PROVIDED BY THE IMMIGRATION AND NATURALIZATION ACT UNDER 8 U.S.C. § 1101. AS A FURTHER CONDITION OF SUPERVISED RELEASE, IF ORDERED DEPORTED, THE DEFENDANT SHALL REMAIN OUTSIDE AND SHALL NOT RE-ENTER THE UNITED STATES WITHOUT THE PERMISSION OF THE ATTORNEY GENERAL. IF DEPORTATION FAILS TO OCCUR AND THE DEFENDANT IS RELEASED FROM CONFINEMENT PENDING FURTHER IMMIGRATION PROCEEDINGS, HE SHALL IMMEDIATELY REPORT TO THE U.S. PROBATION OFFICE TO BEGIN HIS TERM OF SUPERVISED RELEASE.

2.   DEFENDANT SHALL NOT COMMIT ANY FEDERAL, STATE AND LOCAL CRIMES.

3.   DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS OF SUPERVISED RELEASE AS SET FORTH BY THE U.S. PROBATION OFFICE AND PURSUANT TO 18 U.S.C. § 3583.

4.   DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

5.   DEFENDANT SHALL COOPERATE IN THE COLLECTION OF DNA AS DIRECTED BY THE U.S. PROBATION OFFICE.

6.   DEFENDANT SHALL NOT USE OR POSSESS ILLEGAL CONTROLLED SUBSTANCES.

7.   DEFENDANT SHALL SUBMIT TO ONE URINALYSIS WITHIN 15 DAYS OF RELEASE FROM CUSTODY AND, TO TWO MORE URINALYSIS THEREAFTER.

8.   DEFENDANT SHALL PARTICIPATE IN A PROGRAM APPROVED BY THE U.S. PROBATION OFFICE FOR SUBSTANCE ABUSE, WHICH MAY INCLUDE TESTING TO DETERMINE WHETHER THE DEFENDANT HAS REVERTED TO THE USE OF DRUGS OR ALCOHOL.

9.   DEFENDANT SHALL PERFORM 100 HOURS OF COMMUNITY SERVICE AS APPROVED BY THE U.S. PROBATION OFFICE.

        IT IS FURTHER ORDERED THAT THE DEFENDANT PAY TO THE UNITED STATES A SPECIAL ASSESSMENT FEE OF $200.00 TO BE PAID IMMEDIATELY AFTER SENTENCING.

        PURSUANT TO SECTION 5E1.2(f) OF THE GUIDELINE RANGE, ALL FINES ARE WAIVED SINCE IT HAS BEEN DETERMINED THAT THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY.

        COURT STATES THE JUSTIFICATION OF SENTENCE IMPOSED. DEFENDANT ADVISED OF HER APPEAL RIGHTS.